IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

NICOLE WILLIAMS, *et al.*,            )
                                       )
              Plaintiffs,              )
                                       )
v.                                     )
                                       )
FEDERAL NATIONAL MORTGAGE              )    CIVIL ACTION NO. 1:18-CV-199-JB-MU
ASSOCIATION,                           )
                                       )
              Defendant.               )

<u>ORDER</u>

This matter is before the Court on Defendant First National Mortgage Association's

("FNMA") Motion to Dismiss Plaintiffs' First Amended Complaint.  (Doc. 56).  The parties have

briefed the Motion, and the Court conducted oral argument.  The Motion is ripe for resolution.

I.      BACKGROUND

This is an action arising from the foreclosure sale of Plaintiffs' real property.  Plaintiffs

filed their First Amended Complaint ("FAC") on April 7, 2020, seeking declaratory and equitable

relief, cancellation of related instruments, and money damages.  (Doc. 55, ¶ 1, 4 – 5, PageID.364

– 365, 381).[1]  The thrust of Plaintiffs' claims rests on their contention that the originator of the

---

[1] Plaintiffs' *ad damnum* clause only requests the Court declare the foreclosure of Plaintiffs' property "void" and to award Plaintiffs monetary damages.  (*See* Doc. 55, PageID.381) ("Plaintiffs request that this Court exercise its powers to declare the foreclosure of Plaintiffs [*sic*] property to be void and to award a judgment against Defendant for compensatory, special, general and punitive damages . . .").  In their Opposition to the Motion to Dismiss, Plaintiffs appear to argue for three forms of relief, namely that the Court declare the foreclosure on their home void, the surplus resultant from the foreclosure on their home, and damages consequent to the foreclosure.  (*See* Doc. 59, PageID.443 – 444) ("The First Amended Complaint alleges two general paths for recovery. The first alleges the foreclosure of Plaintiff's [*sic*] property is void because Fannie Mae lacked any legal interest that would allow them to enforce the [n]ote and foreclosure [*sic*] the [m]ortgage. The second path is to recover the Plaintiff's [*sic*] equity remaining after the satisfaction of the original [n]ote due to Fannie Mae's breach.") and (*Id.* at PageID.448) ("Plaintiffs are seeking damages for the illegal foreclosure of their home or alternatively the equity (surplus)

mortgage and note on the property did not properly assign and/or "endors[e]" the note.  (Doc. 55, PageID.365).  Due to this failure, any subsequent assignment, sale, or transfer of the note and mortgage was "void" and the foreclosure on their property was unlawful.

## II.      FACTS[2]

Plaintiffs are a married couple.  On October 16, 2006, they executed a mortgage and a promissory note in favor of Countrywide Home Loans, Inc. ("Countrywide") to purchase the property at 27514 Hobby Horse Lane in Daphne, Alabama for $247,900.  (Doc. 55, ¶ 11, PageID.366; Doc.55-1, PageID.388).[3]  The mortgage and note were recorded with the Baldwin County Probate Court under Instrument Number 1009449.  (*Id.*).  Sometime in February 2009, Plaintiffs defaulted on their mortgage.  (*Id.* at ¶ 15, PageID.367).  On May 20, 2009, Nicole Williams filed for Chapter 13 bankruptcy.  (*Id*. at ¶ 16, PageID.368).

Plaintiffs contend Mortgage Electronic Registration System, Inc. ("MERS"), acting as nominee for Countrywide, assigned Plaintiffs' note and mortgage to BAC Home Loan Servicing, L.P. ("BAC") on December 3, 2009.  (*Id.* at ¶ 17, PageID.368).[4]  Plaintiffs allege, however, "MERS

---

remaining after foreclosure resulting in the satisfaction of the debt, all of which occurred after Fannie Mae breached the agreement.").

[2] These facts are taken from Plaintiffs FAC and are deemed true for purposes of Rule 12(b)(6) of the Federal Rules of Civil Procedure.  However, as addressed *infra*, where the exhibits accompanying or attacking the complaint contradict a plaintiff's allegations, the Court is not required (and does not) treat such allegations as true.  *See Clarke v. Goodson*, 2018 U.S. Dist. LEXIS 74419, *7 (M.D. Ala. May 1, 2018) (quoting *Griffin Indus., Inc. v. Irvin*, 496 F.3d 1189, 1205-06 (11th Cir. 2007)); *Carroll v. Horne*, 2018 U.S. Dist. LEXIS 71197, *6 (M.D. Ala. Apr. 26, 2018); *Birmingham Plumbers & Steamfitters Local Union No. 91 Health & Welfare Tr. Fund v. Blue Cross Blue Shield of Ala.*, 2018 U.S. Dist. LEXIS 37795, *5 (N.D. Ala. Mar. 8, 2018).

[3] Plaintiff Corey Sledge executed the note for himself and as "attorney-in-fact" for Nicole Williams.  (Doc. 55-1, PageID.397).

[4] Bank of America is BAC's parent organization. BAC absorbed Countrywide and the two entities are now one-and-the-same.  *See Blake v. Bank of Am.* 845 F. Supp. 2d 1206, 1209 (M.D. Ala. 2012).  Because litigants have frequently attempted to argue to the contrary, several courts, including this one, have taken judicial notice of this fact.  *See*

could not have acted as a nominee for Countrywide [on December 3, 2009] because [Countrywide] [ceased to legally exist] on August 9, 2009." (*Id.* at ¶ 18, PageID.368).  Plaintiffs further allege MERS could not have assigned Plaintiffs' note and mortgage because MERS "possessed no right or interest to assign the note."  (*Id.*).  BAC filed  a Motion for Relief from the Automatic Stay in Plaintiff Williams' bankruptcy proceedings on January 26, 2010, in which (Plaintiffs note) BAC "alleged 'its principal . . .  successors, and/or assigns, if any were entitled to enforce the note and mortgage.'"  (*Id.*).  Plaintiffs contend the certified copy of the promissory note attached to that motion demonstrated BAC lacked an "endorsement" from Countrywide. (*Id.* at ¶ 22, PageID.369; *but see Doc*. 55-1).

Plaintiffs contend FNMA offered Plaintiffs a loan modification agreement on September 1, 2012, which increased the principal balance on their mortgage to $363,142.06.  (Doc. 55, ¶ 32, PageID.371; Doc. 55-2).  Only Williams signed the modification.

Plaintiffs contend their note and mortgage were assigned to Green Tree Servicing, LLC ("Green Tree") on April 4, 2013, and recorded in the Baldwin County Probate Records as Instrument Number 1419292.  (Doc. 55, ¶ 39, PageID.372).[5]  On February 14, 2014, Green Tree

---

*Mortensen v. Mortg. Elec. Registration Sys.*, 2010 U.S. Dist. LEXIS 153958, *17-18, n. 15 (S.D. Ala. 2010) (collecting cases); *Mortensen v. Mortg. Elec. Registration Sys.*, 2010 U.S. Dist. LEXIS 135876, at *58 (S.D. Ala. 2010); *Forester v. Bank of Am., N.A.*, 2012 U.S. Dist. LEXIS 111346, at *4 (S.D. Ala. 2012).

[5] As discussed *supra*, Plaintiffs do not indicate the assignor's identity in this transaction.  However, an official records search based on Plaintiffs' incorporation of this document by specific reference to its number and location reveal Bank of America assigned Plaintiffs' note and mortgage to Green Tree on April 4, 2013.  Available at: <http://www.deltacomputersystems.com/TEMP/PDFWEB/AL05/AL05/M1982/M1982599.PDF>.  Accordingly,  the Court takes judicial notice of this fact.  *See Tate v. CitiMortg., Inc. (In re Tate)*, 2010 U.S. Dist. LEXIS 3675, *19 n.10 (S.D. Ala. 2010)*; Carlton v. Cannon*, 184 F.Supp.3d 428, 458 (S.D. Tex. 2016) (taking judicial notice of a document incorporated in the complaint by reference on a motion to dismiss); *Wendrovsky v. Chase Paymentech*, 2012 U.S. Dist. LEXIS 150866, *24-25 (S.D.N.Y. 2012) (citing *Rivera-Powell v. New York City Bd. of Elections*, 470 F.3d 458, 464 n.6 (2d Cir. 2006): "Plaintiff did not provide the consent decree for the Court to review, but it is a publicly available court document of which the  Court may take judicial notice.")

found Plaintiff in default and scheduled a foreclosure sale for March 18, 2014.  (*Id.* at ¶ 41, PageID.372).  FNMA purchased the property at the foreclosure sale for $395,437.01.

Plaintiffs contend Green Tree was never truly "assigned" the note and mortgage, and that it operated only as FNMA's foreclosure servicer.  (Doc. 55, ¶ 43, PageID.372).  Plaintiffs also argue "the foreclosure sale is void because neither Green Tree nor Fannie Mae [FNMA] have ever been a holder in due course entitled to enforce the note and mortgage." (*Id.* at ¶ 44, PageID.372).

Plaintiffs filed this action on March 26, 2018, more than four years after the date of the foreclosure sale.  Plaintiff Sledge filed for Chapter 7 bankruptcy on September 28, 2018.  In their FAC, Plaintiffs assert the following causes of action:

1. Illegal / Void Foreclosure
2. Breach of Contract – Failure to Satisfy Conditions Precedent
3. Breach of Contract – Failure to Remit Surplus Proceeds
4. Breach of Contract – Illegal Modification
5. Money Had [*sic*] Received
6. Breach of Fiduciary Duty

(Doc. 55, PageID.374 – 381).

FNMA filed a Motion to Dismiss the FAC on April 17, 2020.  (Docs. 56, 57).  FNMA contends Plaintiff Sledge lacks standing to pursue any of these claims due to his pending bankruptcy proceedings (Doc. 57, PageID.425), and Plaintiffs (collectively) lack standing to challenge the validity of the assignments which preceded foreclosure.  (*Id.* at PageID.432 – 434).  Next, FNMA argues Plaintiffs' FAC constitutes a shotgun pleading warranting dismissal in its entirety.  (*Id.* at PageID.425 – 426).  FNMA contends Plaintiffs' claim for "Illegal / Void Foreclosure" is barred by the applicable statute of limitations and laches (*Id.* at PageID.427 – 428) and Plaintiffs' claims for

equitable relief are barred by laches or the "unclean hands" doctrine. (*Id.* at PageID.429).[6]  FNMA contends Plaintiffs' "Breach of Contract – Failure to Satisfy Conditions Precedent" claim must be dismissed because Plaintiffs failed to satisfy the heightened pleading requirements of Rule 9. (*Id.* at PageID.430).  FNMA argues Plaintiffs' "Breach of Contract – Void Modification" claim fails as a matter of law because Alabama's alienability statute did not prohibit Plaintiffs' loan modification. (*Id.* at PageID.433 – 436).  FNMA contends Plaintiffs' claim to surplus proceeds fails as a matter of law because Plaintiffs failed to plead facts that plausibly establish a surplus. (*Id.* at PageID.436 – 437). As for Plaintiffs' "Money Had [*sic*] Received" claim, FNMA argues Plaintiffs failed to satisfy the pleading standard of Rule 9. (*Id.* at PageID.437 – 438).  Plaintiffs' "Breach of Fiduciary Duty" claim fails as a matter of law, according to FNMA, because Plaintiffs alleged no facts to plausibly establish it received and retained any money. (*Id.* at PageID.438 – 439).  Plaintiffs filed a Response in Opposition to the Motion to Dismiss (Doc. 59) and Defendant filed a Reply (Doc. 61).

## III.   STANDARD OF REVIEW

Rule 12(b)(6) requires the Court to construe "the complaint in the light most favorable to the plaintiff and accept[] all well-pled facts alleged . . . in the complaint as true." *Austin v. Auto Owners Ins. Co.,* 2012 U.S. Dist. LEXIS 105862, *5 n. 2 (S.D. Ala. 2012); *see also Boyd v. Medtronic, PLC*, 2018 U.S. Dist. LEXIS 69962, at *7-8 (N.D. Ala. 2018) ( "This Court . . . 'assume[s] the[] veracity' of the complaint's 'well-pleaded factual allegations' and 'determine[s] whether they

---

[6] Plaintiffs affirmatively abandoned any equitable path to recovery in their Opposition. (Doc. 59, PageID.447 – 448) ("Even if the burden were on Plaintiff [*sic*], the First Amended Complaint alleges the foreclosure was illegal, a legal remedy not an equitable one. . . . Plaintiffs are not seeking the Court to determine what if any interest Plaintiff possesses in the property because the foreclosure deed is void.  Plaintiffs are seeking damages for the illegal foreclosure of their home or alternatively the equity (surplus) remaining after foreclosure resulting in the satisfaction of the debt, all of which occurred after Fannie Mae breached the agreement.").

plausibly give rise to an entitlement to relief.["]) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)).  To withstand FNMA's Motion to Dismiss, Plaintiffs must have pled enough facts to state a claim to relief that is plausible on its face, so as to nudge their claims across the line from conceivable to plausible.  *See Iqbal*, 556 U.S. 662, 678 – 680.  A claim has facial plausibility when plaintiffs plead factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  *Iqbal*, 556 U.S. 662, 678.  Review of the complaint is a context-specific task that requires the Court to draw on its judicial experience and common sense. *Iqbal*, 556 U.S. at 679.

"[T]he Eleventh Circuit has held that when a plaintiff attaches exhibits to a complaint and the exhibits contradict the allegations of the complaint, the exhibits control."  *Muhammad v. Ocwen Loan Servicing*, No. 2018 U.S. Dist. LEXIS 239403, *30-31 (N.D. Ga. Jan. 23, 2018) (citing *Griffin Indus., Inc. v. Irvin*, 496 F.3d 1189, 1205-06 (11th Cir. 2007); *Associated Builders, Inc. v. Ala. Power Co.*, 505 F.2d 97, 100 (5th Cir. 1974)).

## IV.    DISCUSSION

### A.    Sledge lacks standing

FNMA contends Plaintiff Sledge lacks standing to pursue his claims because he is presently in Chapter 7 bankruptcy.  The proper party to assert Sledge's claims, FNMA argues, is the Bankruptcy Trustee.  (Doc. 57, PageID.425).  In opposition, Plaintiffs' counsel avers he has permission from the Bankruptcy Court to substitute and represent the Trustee in Sledge's stead should the Court require it.  Plaintiffs also contend Sledge was the proper party at the time the suit was filed because he had not yet declared bankruptcy.  (Doc. 59, PageID.444).  FNMA replies that Sledge's response demonstrates he knows he lacks standing but has failed to properly

request leave to cure this defect.  Due to this error and the fatal flaws in his Complaint, FNMA contends, the Court should dismiss Sledge's claims.  (Doc. 61, PageID.469).

"Generally speaking, a pre-petition cause of action is property of the Chapter 7 bankruptcy estate, and only the trustee in bankruptcy has standing to pursue it."  *Alvarez v. Royal Atl. Developers, Inc.*, 854 F.Supp.2d 1219, 1224 – 25 (S.D. Fla. 2011) (citing *Parker v. Wendy's Intn'l, Inc.*, 365 F.3d 1268, 1272 (11th Cir. 2004)); *see also Barger v. City of Cartersville*, 348 F.3d 1289 (11th Cir. 2003) *rev'd on other grounds*.  It is clear, then, that the Bankruptcy Trustee is the party with standing to pursue Sledge's claims.  Thus, the issue before the Court is whether Sledge should be permitted to substitute the Bankruptcy Trustee in his place.  The Court finds substitution is inappropriate.

The matter before the Court, as well as Sledge's bankruptcy proceedings, have been pending for over and nearly two years, respectively.  Sledge has not substituted the Trustee despite acknowledging this issue in his Opposition.  (Doc. 59, PageID.444).  Considering the untimeliness of Sledge's offer to substitute (and failure to properly request leave), the lack of reasonable mistake on Sledge's part, the Court's previous grant of leave to Plaintiffs to amend their complaint, and the substantive deficiencies in Plaintiffs' claims, the Court is satisfied that substitution should not be permitted.  *See Knott v. Dollar Tree Stores, Inc.*, 2010 U.S. Dist. LEXIS 147315, *12 (N.D. Ala. 2010) (denying plaintiff's request for substitution where plaintiffs failed to timely substitute Bankruptcy Trustee: "No bankruptcy trustee for any Chapter 7 Plaintiff whose claims are here at issue has moved to intervene or to substitute himself or herself as the real party in interest. . . . [T]he trustees could have filed [] motions [for substitution] without leave of the Court at any point before issuance of the present order and opinion.") (internal citations

omitted); *Toledo v. CSX Transp., Inc.*, 2018 U.S. Dist. LEXIS 174265, *11 – 19 (E.D. Tenn. Oct. 10, 2018) (refusing to permit substitution where litigation was pending for nearly two years and the statute of limitations expired on the underlying claims).  Because Sledge lacks standing to pursue these claims and failed to properly substitute the Trustee in his place, his claims are dismissed with prejudice.  *See Knott,* 2010 U.S. Dist. LEXIS 147315, *17 (dismissing plaintiffs' claims with prejudice for failing to comply with proper substitution procedures).

     **B.**    **Plaintiffs' "Illegal/Void Foreclosure" claim**

     In their FAC, and in light of the charitable pleading standard under Rule 8, Plaintiffs appear to pursue two claims under their cause of action for "Illegal/Void Foreclosure":  (1) a claim for a "declaration of rights" Plaintiffs have in the property; and (2) a claim to set aside the foreclosure because it is "void."  (Doc. 55, ¶¶ 1, 4 – 5, PageID.364 – 365).  In their Opposition, Plaintiffs contend they are pursuing a "legal claim" for "damages for the illegal foreclosure of their home or alternatively the equity (surplus) remaining after foreclosure resulting in the satisfaction of the debt," while invoking a ten-year statute of limitations for a challenge to FNMA's title.  (Doc. 59, PageID.447 – 448).

     **1.**    **Plaintiffs' "declaration of rights" claim fails because Plaintiffs affirmatively abandoned it in their Opposition.**

     First, the Court notes Defendant's argument that the statute of limitations on Plaintiffs' "declaration of rights" claim has run is unavailing.  In *FSRJ Properties, LLC v. Walker,* 195 So.3d 970 (Ala. Civ. App. 2015), the court was faced with a request for remedies similar to those in this case.  *FSRJ Properties, LLC*, 195 So.3d at 974 - 975.  There, the court found a claim for a "declaration of rights" in property was cognizable because the statute of limitations period for such a claim is ten (10) years.  *Id.* at 975 – 976.  The Court noted a distinction, albeit a fine one,

between a request to set aside a foreclosure and a declaratory claim which could permit recovery of land.  *Id.* at 976 ("[I]nsofar as the parties sought to litigate possession of the [] property, the action was one to recover or possess land; therefore, the circuit court erred by applying a two-year limitations period to the claims seeking a declaration of the rights of the parties arising from their respective deeds.").  Such is the case here.  Plaintiffs requests the Court to set aside the foreclosure because it is "void" and to "determin[e] their rights" in the property.  Because the latter was brought within ten years of the foreclosure, it is not barred by the applicable statute of limitations.

The Court finds, however, that Plaintiffs affirmatively abandoned their claim to a "declaration of rights" in their Opposition.  As noted in their brief, "Plaintiffs are not seeking the court to determine what if any interest Plaintiff possesses in the property because the foreclosure deed is void."  (Doc. 59, PageID.448).  Because Plaintiffs abandoned this claim, it is due to be dismissed.  *See Bryant v. Greene Cty.*, 2014 U.S. Dist. LEXIS 99774, *9 (N.D. Ala. 2014) (dismissing claims as abandoned on a motion to dismiss).

### 2. Alternatively, Plaintiffs' claim for a "declaration of rights" is due to be dismissed because Plaintiffs' incorporated evidence shows they lack "capacity" to pursue it.

As noted in *FSRJ,* Alabama law requires a party seeking a "declaration of rights" have the requisite "capacity" to do so.  *FSRJ Properties, LLC* , 195 So.3d 970, 976 – 977.  To have capacity, a party must demonstrate they "could prove a set of circumstances that would show that [the defendant] had injured [the plaintiffs'] legally protected rights and that [the plaintiffs] might be able to show the requisite injury."  *Id.* at 977 (citing *Liberty Nat'l Life Ins. Co. v. University of Alabama Health Servs. Found., P.C.,* 881 So.2d 1013, 1019–20 (Ala.2003)).  Reversing the trial

court, the *FSRJ* court found the appellants could make that showing.  *Id.*  The court made this determination based on allegations that indicated appellant acquired a right in the property before the appellee acquired his foreclosure deed and the appellee knew about the existence of the appellant's acquisition of the deed prior to his purchase of the property at foreclosure.  *Id.* at 974.  Plaintiffs' obligation, in accordance with *FSRJ*, is to plead facts which show FNMA injured their legally protected interest in the property and that they might be able to show the requisite injury.  They cannot.

Plaintiffs' claim here, like several of their claims, share the following premise(s): Plaintiffs' note and mortgage were improperly assigned by MERS (or not assigned at all) from Countrywide to BAC, from BAC to FNMA, and from FNMA to Green Tree.  (*See* Doc. 55, ¶¶ 18, 53, PageID.368, 374) ("Additionally, MERS, as nominee for Countrywide possessed no right or interest to assign the Note. . . . Plaintiffs are informed and believe, and therefore allege that MERS lacked authority to execute the recorded assignment from Countrywide to BAC and BAC lacked authority to execute the recorded assignment from Bank of America to Green Tree.").  Plaintiff's argument here seems to be that the underlying assignment by MERS from Countrywide to BAC is "void" because, *inter alia*, MERS lacked the authority to carry it out.  Therefore, any claim BAC made to any interest in the note and mortgage was void, as was any other claim to Plaintiffs' note and mortgage made by any other entity based on a subsequent transaction.  Because Plaintiffs' note and mortgage were improperly assigned, they suffered an injury and are entitled to a declaration of their rights in the property against FNMA.  This argument is advanced in other portions of the

FAC.  (*See* Doc. 55, ¶ 65, PageID.376).   The record belies Plaintiffs' contention that they have

capacity to bring a claim against FNMA on these grounds. [7]

Plaintiffs' original mortgage provides, in relevant part, the following:

> TOGETHER WITH all the improvements now or hereafter erected on the property, and all easements, appurtenances, and fixtures now or hereafter a part of the property, All replacements and additions shall also be covered by this Security Instrument.  All of the foregoing is referred to in this Security Instrument as the "Property."  Borrower understands and agrees that MERS holds only legal title to the interests granted by Borrower in this Security Instrument, but, if necessary, to comply with law or custom, MERS (as nominee for Lender and Lender's successors and assigns) has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the property; and to take any action required of Lender including, but not limited to, releasing and cancelling the Security Instrument.
> . . .
> **20. Sale of Note; Change of Loan Servicer; Notice of Grievance**. The Note or a partial interest in the Note (together with this Security Instrument) can be sold one or more times without prior notice to Borrower.  A sale might result in a change in the entity (known as the "Loan Servicer") that collects Periodic Payments due

---

[7] FNMA contends Plaintiffs lack "standing" to challenge the validity of the assignments in this action.  (Doc. 57, PageID.432 − 433).  Plaintiffs argue they have "third party standing" to challenge the assignments and rely upon *QORE, Inc. v. Bradford Bldg. Co.*, 25 So. 3d 1116 (Ala. 2009).  The Court views this question, as noted above, as one of capacity.  Further, the Court notes Plaintiffs' cited case had nothing to do with standing as discussed in Defendant's cases nor capacity as outlined above.  Rather, *QORE* dealt with whether a third-party beneficiary to a contract could recover in tort against a contracting party.  *Id.* at 1125.

Defendant's cited case, however, as well as several other cases, hold that when MERS has authority to assign a note, "no party, other than an innocent purchaser of notes evidencing the secured debt, would be in a position to raise the question 'whether or not the debt had been assigned.'"  *Crum v. LaSalle Bank, N.A.*, 55 So.3d 266, 269-270 (Ala. Civ. App. 2009); *Phillips v. Mortg. Elec. Registration Sys.*, 2014 U.S. Dist. LEXIS 199384, *5-6 (N.D. Ala. Feb. 10, 2014) (quoting *Crum* at 269 − 270: "Even if it might be argued that IndyBank and subsequent holders of the debt are 'innocent purchasers' of the note such that they could challenge MERS's transfer of the debt by assignment, the plaintiffs are not and, therefore, under the rule stated above, they cannot raise the question 'whether or not the debt had been assigned.' Thus, *Crum* appears to stand for the position that MERS, as the mortgagee and nominee of the original lender, had and retained the right to transfer not only the mortgage security, but the mortgage debt itself, or, at least, the plaintiffs (not being innocent purchasers of the debt) cannot question whether MERS transferred the debt along with the mortgage. While Fannie Mae, arguably an innocent purchaser of the note, may question whether MERS's purported assignment of the note and mortgage is valid, the plaintiffs have no right to do so."); *Thomas v. Wells Fargo Bank, N.A.*, 116 So.3d 226, 232 (Ala .Civ. App. 2012) (collecting cases).

> under the Note and this Security Instrument and performs other mortgage loan servicing obligations under the Note, this Security Instrument, and Applicable Law.

(Doc.55-1 at PageID.391, 396) (capitalization and emphasis in original).  Plaintiffs' modification similarly permits MERS to "take any action required of the Lender."  (Doc.55-2, PageID.409).[8]  To the extent Plaintiffs argue they have capacity to claim a declaration of rights against FNMA on the premise that MERS lacked authority to assign the note and mortgage from Countrywide to BAC, the record contradicts Plaintiffs' allegations.  Several courts have reached the same conclusion on nearly identical allegations and evidence.  *See Scivally v. Citimortgage, Inc.*, 2011 U.S. Dist. LEXIS 155020, *7 (N.D. Ala. 2011) ("any allegation that is rooted in the notion that MERS' assignment was illegal cannot form the basis for a cognizable claim under Alabama law and must be dismissed with prejudice."); *Crum v. LaSalle Bank, N.A.*, 55 So.3d 266, 269-70 (Ala. Civ. App. 2009) (affirming summary judgment where defaulting party argued MERS lacked the ability to assign note and mortgage *contra* to plaintiff and lender's agreement); *McClung v. Mortg. Elec. Registration Sys.*, 2012 U.S. Dist. LEXIS 63834, *14-16 (N.D. Ala. May 7, 2012).

Similarly, to the extent Plaintiffs assert capacity to seek a declaration of their rights because Countrywide "ceased to exist" prior to an assignment of their note and mortgage to BAC, nationwide precedent, including precedent from this Court, holds to the contrary.  Prior to the date of assignment, Countrywide *became* BAC.  This Court and others have taken judicial notice of the fact that Countrywide became BAC by merger in 2008.  *Mortensen v. Mortg. Elec. Registration Sys.*, 2010 U.S. Dist. LEXIS 153958, *17-18, n. 15 (S.D. Ala. Dec. 23, 2010)("Numerous

---

[8] As discussed *infra*, Bank of America was the "Lender" in Plaintiffs' loan modification.

federal courts have taken notice of the fact that BAC Home Loans Servicing, LP, is the new name of Countrywide Home Loans Servicing, LP.") (collecting cases); *Mortensen v. Mortg. Elec. Registration Sys.*, 2010 U.S. Dist. LEXIS 135876, *58 (S.D. Ala. Dec. 23, 2010); *Forester v. Bank of Am., N.A.*, 2012 U.S. Dist. LEXIS 111346, *4 (S.D. Ala. Aug. 7, 2012).  This fact is also evidenced in the record, as BAC's "Motion for Relief from Automatic Stay and Co-Debtor Stay" notes BAC is "FKA [formerly known as]" Countrywide.  (Doc.55-1, PageID.383).  To argue, as Plaintiffs do, that MERS lacked Countrywide's "authority" or "knowledge" to assign the note and mortgage because Countrywide "ceased to legally exist as of April 27, 2009" (Doc. 55, ¶ 65 PageID.376) is disingenuous.[9]

Finally, Plaintiffs' claim to capacity hinges, in large part, on their allegation that FNMA itself, or Green Tree as a servicer for FNMA, foreclosed upon Plaintiffs' property.  (Doc. 55, ¶¶ 43, 44 PageID.372).  However, as established *infra*, FNMA was not the foreclosing party and FNMA did not assign Plaintiffs' note and mortgage to Green Tree – Banks of America did.  Plaintiffs have failed to plausibly allege FNMA injured Plaintiffs' legally protected rights in the property and that Plaintiffs might be able to show the requisite injury.  Plaintiffs' claim for declaration of rights is due to be dismissed with prejudice.

---

[9] Likewise, to the extent Plaintiffs contend BAC surrendered its interest in Plaintiffs' note and mortgage because BAC filed a "Motion for Relief from the Automatic Stay" in Williams' bankruptcy proceedings stating "its . . . successors, and/or assigns, if any were entitled to enforce the note and mortgage[,]"  (Doc. 55-1 at 5), that contention is belied by record.  The only mention of BAC's "principals, investors, successors and/or assigns" is in the opening paragraph of that Motion.  (Doc. 55-1, PageID.383).  This *pro forma* language was intended to permit BAC or Bank of America, its parent company, to pursue the relief requested in the Motion.

**3.    Plaintiffs' "wrongful foreclosure" claim, styled as an "Illegal/Void Foreclosure" claim, fails because Plaintiffs fail to state a claim upon which relief can be granted.[10]**

Plaintiffs' claim for "Illegal/Void Foreclosure" incorporates the facts previously alleged in the FAC.  (Doc. 55, PageID.374 – 77).  The Court cannot discern what Plaintiffs intend by this claim.  On one hand, Plaintiffs contend they have an equitable cause of action (which they affirmatively abandoned in their Opposition), while on the other hand they contend FNMA failed to follow the statutory requirements of non-judicial foreclosures or foreclosed on Plaintiffs' property with previously unmentioned fraudulent documents.  The claim is riddled with recitations of legal principles and conclusions, but fails to identify how Plaintiffs seek to hold FNMA liable.  Plaintiffs hobble together several theories including: FNMA was never assigned the note in order to foreclose; MERS lacked authority to transfer Plaintiffs' note and mortgage from Countrywide to BAC; Countrywide could not have initiated or assented to MERS' assignment to BAC; FNMA cannot demonstrate possession of a note which would grant it the right to foreclose; and/or FNMA foreclosed on the basis of fraudulently produced documents.

Apart from contradicting the record, the above conclusory allegations fail to comply with Rule 8 of the Federal Rules of Civil Procedure.  Plaintiffs' allegations do not provide "a short and plain statement of the claim showing that [Plaintiffs are] entitled to relief."  Plaintiffs do not identify which entity used MERS to assign Plaintiffs' note and mortgage to Green Tree (the foreclosing entity in this case).  (Doc. 55, ¶39, PageID.372).  The Court will not speculate what Plaintiffs intended to allege.  Plaintiffs' failure to comply with Rule 8 is sufficient grounds for

---

[10] Plaintiffs' conclusion that the Court "adjudicated" the issue of whether their Complaint constituted a "shotgun pleading" is without merit.  (Doc.59, PageID.444).  The Court permitted Plaintiffs to file an amended complaint to cure the deficiencies in their original complaint.

dismissal.  *Carbone v. CNN, Inc.*, 910 F.3d 1345, 1350 (11th Cir. 2019) ("If a complaint's statement of a claim does not satisfy [Rule 8], it is subject to dismissal under Rule 12(b)(6) for 'failure to state a claim upon which relief can be granted.'").  *See also Houston v. Prison* Officials, 2014 U.S. Dist. LEXIS 170957 *10 (M.D. Pa. 2014) ("[D]ismissal under Rule 8 is proper when a complaint 'left the defendants having to guess what of the many things discussed constituted [a cause of action]'; *Binsack v. Lackawanna County Prison*, 438 F. App'x 158 (3d Cir. 2011), or when the complaint is so 'rambling and unclear' as to defy response. *Tillio v. Spiess*, 441 Fed. Appx. 109, *110 – 111, 2011 WL 3346787 ([3d Cir.] 2011).").  Plaintiffs' claim for wrongful foreclosure fails to satisfy Rule 8 and fails to state a claim upon which relief can be granted for purposes of Rule 12(b)(6).  As such, that claim is due to be dismissed.

> **4.    Alternatively, Plaintiffs' "wrongful foreclosure" claim is time-barred because it was not brought within two years of the foreclosure sale.**

Plaintiffs declare that their claim for "Illegal/Void Foreclosure" is not barred by any statute of limitations, though it is difficult to discern Plaintiffs' argument here.  In the opening paragraph of their argument, Plaintiffs cite *Ex parte Full Circle Distribution, LLC,* 883 So.2d 638 (Ala. 2003), *Gray v. Fed Nat. Mortg. Ass'n.*, 143 So.3d 825 (Ala. Civ. App. 2014), *Smalls v. Wells Fargo, N.A.,* 180 So.3d 910 (Ala. Civ. App. 2015), and *Pittman v. Regions Bank*, 226 So.3d 193 (Ala. Civ. App. 2016) for the proposition that the foreclosure of their property is "void" and, therefore, not subject to a statute of limitations.  (Doc. 55, PageID.445 – 446).  None of these cases support Plaintiffs' declaration that "[t]here [i]s [n]o [s]tatute of [l]imitations [f]or [a]  [v]oid/[i]llegal [f]oreclosure." (Doc. 55, PageID.445).

In *Ex parte Full Circle*, the court addressed an order granting relief from a default judgment.  883 So.2d at 642.  The underlying claims in *Ex parte Full Circle* arose from consignment

and distribution agreements for helicopter parts.  *Id.* at 640.  The issues on appeal concerned the "reasonable-time" limitation under Rule 60(b)(4) and personal jurisdiction.  (*Id.*).  Plaintiffs do not explain how *Ex parte Full Cirle* or the other cases they cite support their argument.  These cases do not support Plaintiffs' contention that the "wrongful foreclosure" claim is exempt from the two-year statute of limitations as outlined in *FSRJ Properties, LLC v. Walker*, 195 So. 3d 970 (Ala. Civ App. 2015).[11]

Plaintiffs' citation to *Sturdivant v. BAC Home Loans Servicing, LP*, 159 So.3d 15 (Ala. Civ. App. 2011) is also unavailing.  Not only do Plaintiffs fail to explain with any particularity how *Sturdivant* applies to the case *sub judice, Sturdivant* was overruled and has no precedential authority.  Plaintiffs are not the only debtors to have placed mistaken reliance on *Sturdivant*.  In *Sealey v. Stidham*, 2015 U.S. Dist. LEXIS 114578 (M.D. Ala. July 30, 2015), the Court rejected an argument similar to Plaintiffs' in this case:

> In several places in this filing, Plaintiff appears to argue that the instant case is consistent with *Sturdivant v. BAC Home Loans Servicing, LP*, 159 So. 3d 15 (Ala. Civ. App. 2011), although he never clearly articulates how any holding or principle from that case bears on the instant case. Rather, it appears that Plaintiff at some point discovered *Sturdivant*, discerned that it has something to do with foreclosures, and further perceived that it resulted in a favorable outcome for the party challenging a foreclosure in that case. And, indeed, in that case the Alabama Court of Civil Appeals reversed a lower court's determination that a loan servicing company was entitled to summary judgment in an ejectment action against the mortgagor because, the appellate court determined, the loan servicer never acquired title to the property and therefore lacked standing to bring an ejectment action. *Sturdivant*, 159 So. 3d at 26-27. Even if some principle advanced by *Sturdivant* had some

---

[11] Two cases Plaintiffs cite, *Gray* and *Pittman*, discuss how a "void foreclosure" or "voidable foreclosure" is most appropriately asserted as an affirmative defense.  *See Gray*, 143 So.3d at 826; *Pittman*, 226 So.3d at 196 – 197.

> bearing on this case, *Sturdivant* has been reversed by the Alabama Supreme Court.  *See Ex parte BAC Home Loans Servicing, LP*, 159 So. 3d 31, 45-46 (Ala. 2013). As such, the undersigned finds nothing in this document, or in *Sturdivant*, which advances any claim alleged in the complaint, including the wrongful foreclosure claim briefly alluded to by Plaintiff.

*Sealey,* 2015 U.S. Dist. LEXIS 114578, *32-34 n.4 (internal record citations omitted).

Finally, Plaintiffs' citation to *FSRJ* is misplaced as well.  There, the appellee (mortgagee) and non-party original mortgagor ("Sanford") entered into two mortgage agreements for two (2) properties.  *FSRJ,* 195 So.3d at 971.  Sanford executed a promissory notes in appellee's favor on both.  A short time later, Sanford defaulted.  *Id.*  After defaulting, Sanford executed a warranty deed to one property in appellant's favor.  *Id.*  The deed provided the property was encumbrance free.  *Id.*  Thereafter, appellee informed Sanford he intended to foreclose on both properties.  *Id.* at 972.  Five years after the appellee purchased the properties at a properly noticed foreclosure, the appellant and Sanford filed suit requesting, *inter alia*, the court to void the foreclosure deed and determine the parties' rights and any money owed to Sanford.  *Id.*  Finding the appellant's claims barred by a two-year statute of limitations, the Alabama Supreme Court adopted the lower court's interpretation of the issues and found the appellant's framing of the relief sought did not save their claim.  *FSRJ,* 195 So.3d at 974-75.  The appellant's argument in *FSRJ* is similar to Plaintiffs' argument in this case.  The Court finds the court's analysis in *FSRJ* persuasive.  Plaintiffs had two years to seek judicial intervention to set aside the foreclosure on their property and failed to do so.  Because Plaintiffs failed to timely seek such a remedy, their claim is barred by the statute of limitations and due to be dismissed.

**5.    Plaintiffs' "Illegal/Void Foreclosure" claim is also barred by laches.**

Though an affirmative defense in equity (and Plaintiffs affirmatively abandoned any such cause of action), FNMA also presented argument that Plaintiffs' claim is barred by laches.  As noted in FNMA's Reply, Plaintiffs failed to present argument on this point in their Opposition. (Doc. 61, PageID.472).  Because Plaintiffs failed to present argument on this point, Plaintiffs' claim is, alternatively, due to be dismissed pursuant to laches. *See Cornelius*, 2016 WL 7468811, *3 (N.D. Ga. 2016) (collecting cases); *Borges v. Bank of Am., NA*, 2012 U.S. Dist. LEXIS 133931, *40 (N.D. Ga. May 1, 2012) (citing *Fils v. City of Aventura*, 647 F.3d 1272, 1295 (11th Cir. 2011), *report and recommendation adopted* by *Borges v. Bank of Am., N.A.*, 2012 U.S. Dist. LEXIS 133921 (N.D. Ga. Sep. 19, 2012)).

**C.    Plaintiffs" "Illegal/Void Foreclosure" claim fails because it is a "show me the note" claim**

Alternatively, Plaintiffs' claim is due to be dismissed because it constitutes an unrecognized "show me the note" claim.  *See Farkas v. SunTrust Mortg*., Inc., 447 Fed. Appx. 972, 973 (11th Cir. 2001); *Summerlin v. Shellpoint Mortgage Services*, 165 F.Supp.3d 1099 (N.D. Ala. 2016).  Plaintiffs' "Illegal/Void Foreclosure" claim depends upon the flawed assertion that FNMA – or Green Tree as FNMA's agent – was required to produce Plaintiffs' note in order to effectuate a non-judicial foreclose.  (*See* Doc. 55, ¶¶ 3, 8, 63 – 64, 66, 68, PageID.365 – 366, 372, 376 – 377; Doc. 59, PageID.448).  This is not required.  The court in *Summerlin*, for example, stated that "Alabama's foreclosure statute sets forth the requirements for conducting a non-judicial foreclosure under the 'power of sale' contained in the mortgage, but the statute does not provide a cause of action for a mortgagor to require the mortgagee to establish proof of claim prior to initiating the foreclosure."  165 F.Supp.3d at 1111 (quoting *Farkas*, 447 Fed. Appx. at 973).  The

court continued, explaining that a "nonjudicial foreclosure is not invalid because a foreclosing entity, such as Defendant, has failed to produce or present original documentation evidencing the underlying debt and security for repayment thereof." *Summerlin*, 165 F.Supp.3d at 1111. In summation, the court in *Summerlin* stated, "[i]n other words, a foreclosing entity like Defendant is not required to surrender the original promissory note and mortgage to the mortgagor (or to a court) prior to instituting foreclosure under Alabama law. . . . As such, Defendant does not have to present the Note to Plaintiff in order to foreclose." *Id.* (internal citations, parentheses, and quotation marks omitted). Accordingly, Plaintiffs' claim for "Illegal/Void Foreclosure" is due to be dismissed on this alternative ground.

### D. Plaintiffs' breach of contract claims for "Failure to Satisfy Conditions Precedent," "Void Modification," and "Failure to Remit Surplus Proceeds" fail as a matter of law because Plaintiffs failed to identify any contractual obligation FNMA owed Plaintiffs

Plaintiffs' several breach of contract claims rest on the contention that FNMA offered Plaintiffs a loan modification which served as the basis for the foreclosure on their property. In sum, Plaintiffs rely upon the loan modification to show FNMA breached its obligations to provide proper notice disclosures prior to foreclosure, to remit any surplus resulting from the foreclosure sale, and to demonstrate the modification was "void" because Sledge failed to sign it. (Doc. 55, ¶¶ 72, 82 – 84, PageID.377 – 340; Doc. 59, PageID.450, 452).

Alabama law requires the following to show a breach of contract claim: "(1) a valid contract binding the parties; (2) the plaintiffs' performance under the contract; (3) the defendant's nonperformance; and (4) resulting damages." *Reynolds Metals Co. v. Hill*, 825 So.2d 100, 105-06 (Ala. 2002) (citing *State Farm Fire & Cas. Co. v. Slade*, 747 So.2d 293, 303 (Ala. 1999)). Plaintiffs' claims fail on the first element; they cannot show the parties had a valid and binding

contract.  Plaintiffs attached a "loan medication agreement" to their FAC (Doc. 55-2) and alleged FNMA offered it to Plaintiffs to modify their loan.  However, the agreement establishes that FNMA was not the offering lender.  The first page of the agreement reveals Plaintiffs were directed to return it, after recording it, to Bank of America, that Bank of America prepared the document, and that Bank of America was the "Original Lender/Beneficiary Lender or Servicer ('Lender')."  (Doc. 55-2, PageID.404).  Similarly, Bank of America, BAC's parent company, is the designated signor on the agreements' latter pages.  (*Id.* at PageID.415 – 416).  FNMA is mentioned only to the extent that Bank of America is offering a modification through a "FANNIE MAE Modification Program."  (*Id.* at PageID.405, 409) (capitalization in original).  No further clarification is provided on this point.  Because Plaintiffs failed to plausibly plead a valid contract between and binding the parties, their contract claims fail.

### E.    Alternatively, Plaintiffs' "Breach of Contract – Failure to Satisfy Conditions Precedent" claim fails because it was not pled with particularity

Plaintiffs also contend they sufficiently pled their "Breach of Contract – Failure to Satisfy Conditions Precedent" claim by alleging "Fannie Mae failed to strictly comply with the terms of the [m]ortgage with regard to the pre-foreclosure notice requirements."  (Doc. 59, PageID.450). Rule 9 of the Federal Rules of Civil Procedure requires parties to plead failures to satisfy conditions precedent with particularity.  Plaintiffs' Amended Complaint alleges only that "[o]n information and belief[,] Fannie Mae failed to strictly comply with the mortgage with regard to the pre-foreclosure notice requirements."  (Doc. 55, ¶ 49, PageID.373).  This allegation fails to specify with any particularity which requirement FNMA failed to meet.  Plaintiffs' insistence that the Court should not "stringently" apply Rule 9 because the "specific factual information [relating to FNMA's alleged notice requirements] is peculiarly within the defendant's knowledge or

control" (Doc. 59, PageID.451) is disingenuous.  Plaintiffs attached the loan modification to their FAC.  (Doc. 55-2, PageID.413).  Because Plaintiffs failed to particularly plead the conditions precedent which FNMA allegedly failed to satisfy, their claim here is due to be dismissed.

**F.    Plaintiffs' "Breach of Contract – Void Modification" claim also fails because Alabama's alienation statute does not prohibit such modifications**

As discussed *supra*, Plaintiffs contend their loan modification violates Ala. Code § 6-10-3. Specifically, Plaintiffs argue that agreement violates Alabama law because Williams signed it without Sledge, "further encumber[ing] Sledge's equity in the property without his consent." (Doc. 59, PageID.451).  Alternatively, Plaintiffs contend the modification agreement required Plaintiffs to sign it and Plaintiff Sledge's failure to sign "renders the entire [m]odification void and of no effect."  (*Id.* at PageID.451 – 452).  In short, Plaintiffs challenge the validity of the modification, not any form of conveyance Plaintiff Williams made of the property.

The Alabama statute upon which Plaintiffs rely provides:

> No mortgage, deed or other conveyance of the homestead by a married person shall be valid without the voluntary signature and assent of the husband or wife, which must be shown by his or her examination before an officer authorized by law to take acknowledgments of deeds, and the certificate of such officer upon, or attached to, such mortgage, deed, or other conveyance, which certificate must be substantially in the form of acknowledgment for individuals prescribed by Section 35-4-29.

Ala. Code § 6-10-3.  The immediately succeeding section provides, in relevant part,  "[t]he provisions of this article shall not, however, be so construed as to prevent any lien attaching to the homestead in favor . . . of any vendor for unpaid purchase money or so as to affect any deed, mortgage, or lien on such homestead, lawfully executed or created."  Code of Ala. § 6-10-4.

Plaintiffs' mortgage was a purchase money mortgage.  (Doc. 55, PageID.365); *see Peeples v. Ditech Fin. LLC*, 2019 U.S. Dist. LEXIS 59628, *7 (N.D. Ala. 2019) (explaining the concept of a purchase money mortgage).  Likewise, the modification was made in an attempt to recover unpaid purchase money for the originally executed mortgage.  (Doc. 55-2, PageID.405).  Although only Williams signed the modification, Alabama law does not permit a claim such as Plaintiffs' here, for violating the alienation statute.  *See Peeples,* 2019 U.S. Dist. LEXIS 59628, at *6 – 7.  As to Plaintiffs' contention regarding the contract's requirement that Williams and Sledge sign it, the parties contracted around any such requirement in their mortgage.  (Doc. 55-1, PageID.394).  Thus, Plaintiffs' contract claim for void modification fails as a matter of law.

### G.    Plaintiffs' "Money Had [*sic*] Received" claim fails as a matter of law because Plaintiffs failed to plead  facts demonstrating they are entitled to a surplus from FNMA

As noted *supra*, Plaintiffs contend FNMA holds money to which Plaintiffs are entitled as a consequence of the foreclosure sale conducted by Green Tree.  (Doc. 59, PageID.453).  A cause of action for money had and received has been described as follows:

> "An action for money had and received is founded upon the equitable principle that no one ought justly to enrich himself at the expense of another, and is maintainable in all cases where one has received money under such circumstances that in equity and good conscience he ought not to retain it because in justness and fairness it belongs to another."  *Jewett v. Boihem,* 23 So. 3d 658, 661 (Ala. 2009) (quotation and internal alterations omitted). As a cause of action, it is 'less restricted and fettered by technical rules and formalities than any other form of action. It aims at the abstract justice of the case, and **looks solely to the inquiry, whether the defendant holds money, which belongs to the plaintiff**." *Id.* (citations and internal alterations omitted).

*McCollough v. Insight Capital, LLC*, 2014 U.S. Dist. LEXIS 76610, *30-31 (N.D. Ala. 2014) (emphasis added).  Plaintiffs failed to allege any fact to demonstrate FNMA holds any money which belongs

to them.  Rather, the record establishes that Green Tree foreclosed on Plaintiffs' property and Green Tree was compensated at the foreclosure sale.  Green Tree may have been a proper defendant on this claim; FNMA is not.

> **H.    Plaintiffs' breach of fiduciary duty claim fails because Plaintiffs failed to demonstrate FNMA owed Plaintiffs a duty**

Plaintiffs contend FNMA owed Plaintiffs a duty as a fiduciary for any surplus which arose as a consequence of the foreclosure sale in 2014.  (Doc. 55, ¶¶ 92 – 93, PageID.380 – 381).  In addition to the fact that the record shows Green Tree foreclosed on Plaintiffs' property, imposing a fiduciary duty upon it and not FNMA as to any surplus, *see Springer v. Baldwin County Federal Sav. Bank*, 562 So.2d 138, 139 (Ala. 1989) (citing *J.H. Morris, Inc. v. Indian Hills, Inc.,* 282 Ala. 443, 455, 212 So.2d 831, 843 (1968)), Plaintiffs' claim is barred by the applicable statute of limitations. Alabama requires actions for a breach of fiduciary duty to be brought within two years.  Ala. Code § 6-2-38; *System Dynamics Int'l v. Boykin*, 683 So.2d 419, 1996 Ala. LEXIS 512 (Ala. 1996) (breach of fiduciary duty claim subject to two-year statute of limitations); *Jurich v. Compass Marine, Inc.*, 2012 U.S. Dist. LEXIS 160981, *5 n.3 (S.D. Ala. Nov. 8, 2012) (collecting cases).  Accordingly, Plaintiffs' claim for breach of fiduciary duty is due to be dismissed.

**CONCLUSION**

For the reasons set forth herein, Defendant's Motion to Dismiss (Doc. 56) is GRANTED**.**

**DONE and ORDERED** this 2nd day of December, 2020.

/s/ JEFFREY U. BEAVERSTOCK
UNITED STATES DISTRICT JUDGE